IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ADESTA COMMUNICATIONS, INC.,<br>a Delaware Corporation, | )<br>)<br>) | CASE NO. 8:08CV3046 |
| Plaintiff, | )<br>) | |
| v. | )<br>)<br>) | MEMORANDUM<br>AND ORDER |
| UTICA MUTUAL INSURANCE<br>COMPANY, a New York Corporation, | )<br>)<br>) | |
| Defendant. | ) | |

This matter is before the Court on the Plaintiff's Appeal[1] of the Magistrate Judge's Order granting the Defendant's Motion for Change of Venue to the U.S. District Court for the District of Colorado pursuant to 28 U.S.C. § 1404(a). Because this Court concludes that the Magistrate Judge's Order is neither clearly erroneous nor contrary to law, the Plaintiff's Appeal will be denied and the case will be transferred to the U.S. District Court for the District of Colorado.

**PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff Adesta Communications, Inc. ("Adesta"), a Delaware corporation with its principal place of business in Nebraska, brought this action in the District Court of Douglas County, Nebraska, on January 30, 2008, seeking to collect on a Performance and Payment Bond ("the Bond") through Utica Mutual Insurance Company ("Utica"), a New York corporation. Utica removed the action to this Court on March 13, 2008, invoking the Court's diversity jurisdiction.

---

[1] Adesta filed a Motion for Reconsideration regarding Order on Motion to Change Venue, or Alternatively Motion to Amend Order (Filing No. 27) and Brief in Support of the Motion (Filing No. 28). The Motion was corrected by docket entry to reflect that it is an appeal of a nondispositive order of a Magistrate Judge.

The principal on the Bond was Lee Engineering & Construction Co. ("Lee Engineering"), a Georgia corporation. The Bond was signed by Marilyn A. Blome, as "attorney-in-fact" for Utica, named as the surety on the Bond. Blome appears to be a resident of Georgia and an agent of Southeast Contract Bond Services, Inc. ("Southeast"), a Georgia corporation.

The pleadings and evidentiary materials before the Court indicate that Adesta entered into a contract with the State of Colorado on March 11, 1999, to provide certain construction services, which work was to be performed in accordance with "all applicable Federal, State, County, City, Local laws, ordinances, rules and regulations of all authorities having jurisdiction over construction related to the project." (Complaint, Filing No. 1-2, ¶ 7). On February 18, 2000, Adesta subcontracted with Lee Engineering for the installation of fiber optic conduit and telecommunications facilities in a Colorado Department of Transportation right-of-way located near Denver, Colorado. The subcontract incorporated the terms of the contract between Adesta and the State of Colorado, and provided that it was governed by Colorado law and that disputes between Adesta and Lee Engineering would be resolved in the City and County of Denver. (*Id.*, ¶ 4).

On April 7, 2007, Adesta received notice that Denver's sanitary sewer had been breached near the site of the construction project and that Lee Engineering allegedly caused the damage. Adesta contends that it incurred expenses of almost $150,000 to repair the damage caused by Lee Engineering. Adesta made demand on Utica for reimbursement under the Bond, but Utica denied the claim, contending that it did not provide or approve the Bond and received no commission or premium for the Bond. Utica has raised a number of affirmative defenses to the pending action, including statute of

limitations, lack of timely notice of the alleged breach of performance, failure of Adesta to afford Utica an opportunity to remedy the alleged breach, and failure of Adesta to join indispensable parties, *i.e.,* Lee Engineering and Marilyn A. Blome.

On May 19, 2008, Utica filed suit against Lee Engineering, Southeast, and Blome in the U.S. District Court for the District of Colorado, alleging that Utica and Southeast entered into an Agency Agreement in October 1988, and that Southeast, and/or Blome as president of Southeast, issued the Bond in violation of the Agency Agreement and without Utica's knowledge, consent or permission.  Utica's action also alleges that Lee Engineering breached a General Agreement of Indemnity, in which it agreed to indemnify Utica and hold it harmless from any claims or liabilities Utica might pay or incur as a consequence of having executed or procured any bond.  (Filing No. 22-2, Ex. 26).

Utica moved to transfer venue to the U.S. District Court for the District of Colorado, and Magistrate Judge F.A. Gossett granted the motion on July 16, 2008.  Adesta appeals from that Memorandum and Order (Filing No. 26).  Alternatively, Adesta asks that the Memorandum and Order be amended to delete certain "findings," *i.e.*, the Magistrate Judge's statement: "It does not appear that the issue of liability on the bond (or the very existence of a bond) can be resolved without joining Lee Engineering, South[ea]st and Blome as parties.  Utica has a basis for raising issues of spoliation as Adesta completed repairs without first notifying Utica."  (Filing No. 26, pp. 7-8).

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 72(a), when a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, and the magistrate judge

issues a written order stating the decision, the district judge must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

## ANALYSIS

This Court has considered Adesta's timely objections to the Magistrate Judge's Memorandum and Order, as well as the pleadings, motions, briefs and evidentiary materials that were submitted by the parties and considered by the Magistrate Judge. This Court has also considered the briefs submitted by both parties on appeal (Filing Nos. 28 and 31), but not the index of evidence submitted by Utica on appeal. (See NECivR 72.2 (b)).

Adesta takes issue with the Magistrate Judge's statements to the effect that (1) the issue of Utica's liability on the Bond, or the existence of a bond, may require the joining of Lee Engineering, Southeast and Blome as parties, and (2) Utica has a basis for raising issues of spoliation, because Adesta completed repairs without first notifying Utica. These statements acknowledge the existence of issues which merit consideration when determining the proper venue for this action. The statements are not findings of fact nor conclusions of law. It remains to be determined by the transferee court whether Lee Engineering, Southeast and/or Blome are necessary parties to this action or merely witnesses, and whether the emergency repairs performed by Adesta prior to giving Utica notice of the damage give rise to issues of spoliation.

Adesta also contends that the Magistrate Judge failed to acknowledge (1) that substantial deference and great weight should be given to a plaintiff's choice of forum, especially when the forum is the plaintiff's residence, and (2) the interest of justice is a factor in determining venue and may outweigh the convenience of parties and witnesses.

"In general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted." *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997). The Magistrate Judge did acknowledge and consider the heavy burden Utica bore to overcome the deference to Adesta's choice of forum. (Filing No. 26, pp. 5-6). The Magistrate Judge also acknowledged the "interest of justice" factor in 28 U.S.C. § 1404(a) (*id.*, p. 4). The Memorandum and Order demonstrates that the Magistrate Judge concluded that Utica met its burden by a clear showing that its inconvenience in Adesta's choice of forum, Nebraska, strongly outweighed the inconvenience that Adesta would suffer if venue were transferred to Colorado. (*Id.* p. 5-6). The Magistrate Judge's analysis reflects an incorporation of the "interest of justice" factor in reaching that conclusion.

The subcontract, that appears to be central to this case, is not only governed by Colorado substantive and procedural law, it requires that disputes between Adesta and Lee Engineering be resolved in the City and County of Denver. Adesta cannot claim unfair surprise or genuine inconvenience when it is required to resolve a dispute related to the subcontract in that forum. The alleged breach of the subcontract, giving rise to Adesta's claim under the Bond, occurred in Colorado. It is reasonable to infer that witnesses to the alleged breach, and evidence of the breach, including witnesses and evidence pertinent to any issues of spoliation, are more readily available in Colorado. The convenience of witnesses and the interest of the courts in judicial economy also dictate that the action by Adesta against Utica, and the action by Utica against Lee Engineering, Southeast, and Blome, be resolved in a single forum.

Finally, Adesta takes issue with the fact that Utica filed a reply brief (Filing No. 22) in connection with its initial motion for transfer of venue, and evidentiary materials (Filing Nos. 25 and 22-2) to which Adesta had no opportunity to respond.  This Court's local rules governing motion practice permit the filing of reply briefs and indexes of evidence in support of such reply briefs.[2]  NECivR 7.1(c).  No further briefs or evidence may be filed without the leave of the court.  *Id.*  Adesta did not seek leave of the Court to submit any additional brief or evidence after Utica's reply brief and last evidentiary submission were filed, although three weeks expired between those filings and the issuance of the Magistrate Judge's Memorandum and Order transferring venue.  Neither does Adesta's brief in support of its Appeal of the Magistrate Judge's Memorandum and Order indicate what evidentiary materials or arguments it wished to present to counter the materials submitted by Utica in connection with its reply brief.  Accordingly, neither error nor prejudice can be inferred from the Magistrate Judge's consideration of the evidentiary materials submitted by Utica in connection with its reply brief.

## CONCLUSION

The Magistrate Judge's Memorandum and Order transferring venue to the U.S. District Court for the District of Colorado is neither clearly erroneous[3] nor contrary to law, and Adesta's appeal of the Memorandum and Order will be denied.

---

[2] No similar reference to reply briefs appears in the Court's local rules governing appeals of Magistrate Judge Orders in Nondispositive Matters.  NECivR 72.2.

[3] The only words in the Memorandum and Order that are "clearly erroneous" are two references to "Southwest" which should read "Southeast."  That error is understandable, in that "Southeast" is referred to as "Southwest" in certain of Adesta's filings.

IT IS ORDERED:

1. The Appeal (Filing No. 27) captioned "Plaintiff's Motion to Reconsider, or Alternatively Motion to Amend, July 16, 2008 Order" submitted by Plaintiff Adesta Communications, Inc., is denied;

2. The Magistrate Judge's Memorandum and Order (Filing No. 26) transferring venue to the U.S. District Court for the District of Colorado is affirmed; and

3. The Clerk will transfer this case to the U.S. District Court for the District of Colorado pursuant to 28 U.S.C. § 1404.

DATED this 20th day of August, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge